East'nDistrict.
June, 1824.

SEGHERS
vs.
MOULON'S SYN-
DICS.

### SEGHERS vs. MOULON'S SYNDICS.

APPEAL from the court of the parish and city of New Orleans.

The testimony of an insolvent cannot be received in an action between a creditor and the syndics.

An insolvent cannot employ counsel after his failure, at the charge of his estate.

An acknowledgement of one of the syndics, that the person so employed was counsel, is not evidence that they agreed to compensate him for his services.

MARTIN, J. delivered the opinion of the court. The plaintiff claims $1000, as a fee, in an action, in which the insolvent was sued, after he had surrendered the estate and in which he employed him. There was judgment against the defendants, and they appealed.

The record shews, that the defendants and the insolvent, were made parties to the suit, the object of which was to establish the rights of the heirs of the insolvents' late wife, on his estate. They took no exception to the insolvent being sued with them, and employed three gentlemen of the bar, to each of whom they paid a fee of $1000. The insolvent employed the plaintiff.

It is urged that an insolvent, who is sued with his syndics, may appoint an attorney to defend him, and that where he does so, with their knowledge, and without any objection on their part, the attorney selected by him, has a right to demand his fee from the mass of his creditors—that the insolvent had an interest in the suit; for if the heirs of his wife failed in

it, a surplus might remain, after the payment
of his debts, to which he would have a right.

We think that the insolvent was improperly made a defendant; all proceedings against his person and property having been suspended. The syndics were the only legitimate protectors of the estate surrendered, and they alone were properly made defendants. He might have pleaded in abatement. The illegal act of his wife's heirs, in suing *him* cannot create any obligation on the syndics. Neither can the interest which the insolvent had to resist the claim of these heirs, and prevent its diminishing the estate surrendered, (and thus to destroy or lessen his hope of receiving the surplus that might remain after the payment of his debts,) give him any right to appoint a counsel, at the cost of the estate, to defend it. For this interest exists likewise in every application made against the syndics.

But the plaintiff contends he has a right to be paid out of the estate, because the defendants *consented* to his defending the interests of the insolvent, and consequently the estate.

Evidence of an express consent is presented to us, in the fact that when the insolvent informed his syndics of his having employed the

East'n District.
*June, 1824,*

SEGHERS
*vs.*
MOULON's SYN-
DICS.

plaintiff in the suit, they did not answer any thing, but afterwards one of them told the insolvent he was not against allowing the plaintiff a compensation for his trouble.

Evidence of an *implied* consent is presented to us, in the fact that the other syndic, during the trial made occasional applications to the plaintiff,—in the fact that this syndic informed the counsel last employed, for the estate, that he would receive the necessary information from those heretofore engaged. It is maintained that the plaintiff was one of these lawyers. It is further shewn that, during the trial, the plaintiff communicated several authorities, which he had collected, and some of which he had translated, to the counsel of the syndic.

The facts from which an *express* consent is attempted to be drawn, result from the deposition of the insolvent, taken subject to all legal objections.

We think the testimony of an insolvent cannot be received to diminish the estate surrendered.

The law considers an insolvent, *fallido,* as tainted with fraud—it does not allow him to acknowledge a debt, which is alleged to have

been contracted by him. It suspects him to have an inclination to regain by simulated claims, in the hands of others, part of what he has abandoned to his creditors, *Febrero.*

Now this danger, which induces his rejection, when offered as a witness to support cla'ms against his estate, originating in contracts made or alleged to have been made with him, exists in a case in which he comes to support a claim on his estate, on a contract made or alleged to have been made with his syndics.

In the present case, there is another strong reason for repelling him. The plaintiff contracted with him, after the surrender of his property, and has therefore an action against him and may obtain a judgment to be executed on any property he may thereafter acquire. The insolvent has therefore a strong interest to saddle the estate surrendered, with the claim thus arising on his contract posterior to the surrender—payment by the syndics will avail him. We conclude his testimony must be disregarded.

The circumstance, that one of the syndics informed one of their counsel that the plaintiff was engaged in the suit—of his referring

East'n District.
June, 1824.

SEGHERS
vs.
MOULON'S SYN-
DICS.

him to the plaintiff—of the communication of the plaintiff's ideas and authorities to the counsel of the syndics, raise no presumption of a contract to remunerate him, when it appears he was employed by the insolvent.

Neither can such a contract be inferred from the circumstance of the syndics making no objection to the insolvent being made a party.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there be judgment for the defendants, with costs in both courts.

*Cuvillier* for the plaintiff, *Seghers* for the defendants.